**NOT FOR PUBLICATION** [1]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
SHALOM TORAH CENTERS/ SHALOM
TORAH,                              :

    Plaintiffs,             :    Civil Action No. 10-6766 (FLW)

    v.                      :
                                    :    **OPINION**
                                    :
PHILADELPHIA INDEMNITY
INSURANCE COMPANIES AND             :
JOHN DOES 1-100,
                                    :
    Defendants.             :
_____

**WOLFSON, United States District Judge:**

    Presently before the Court is a motion by Defendant Philadelphia Indemnity Insurance Company ("PIC") to withdraw the reference of Adversary Proceeding No. 10-02415 ("Adversary Proceeding") from the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). Plaintiff Shalom Torah Centers/ Shalom Torah ("Shalom" or "Debtor") opposes this Motion and argues that this Court should abstain from hearing the Coverage Action and that the matter should be remanded the Superior Court of New Jersey, Ocean County – Law Division. For the reasons that follow, Defendant's Motion to Withdraw is GRANTED and Plaintiff's Cross-Motion to Abstain is GRANTED.

I. BACKGROUND AND FACTS[1]

On February 25, 2010 (the "Filing Date"), Plaintiff Shalom filed a voluntary petition for relief under Chapter 11 of the Untied States Bankruptcy Code. One month prior to the Filing Date, PIC issued three insurance policies to Shalom with an effective date of January 27, 2010. On or about October 1, 2010, Shalom filed a complaint against Defendant in the Superior Court of New Jersey, Ocean County (the "Coverage Action"). The complaint in the Coverage Action asserts five counts against Defendants seeking compensatory and punitive damages under New Jersey law based on Shalom's allegations that PIC wrongfully refused to indemnify Shalom in connection with property damage allegedly sustained by Shalom during a windstorm that occurred in March 2010. On October 22, 2010, PIC filed a Notice of Removal pursuant to which the Coverage Action was removed from state court to the District Court.[2] Thereafter, on December 28, 2010, PIC filed a Motion to Withdraw the Reference. In response, Plaintiff filed opposition incorporating a Motion to Abstain that it filed in Bankruptcy Court.[3]

II. DISCUSSION

  A. <u>Motion to Withdraw</u>

Title 28 U.S.C. § 157(d) provides: "[t]he district court may withdraw, in whole or in part, any

---

[1] In its brief, Plaintiff states that it agrees with and incorporates the facts set forth by PIC in its Brief in support of its Motion to Withdraw the Reference.

[2] Pursuant to Federal Rule of Bankruptcy Procedure 9027(a), the Removal Notice was filed with the Bankruptcy Court.

[3] See n.5 <u>infra</u>.

case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

According to 28 U.S.C. § 157(d), there are two forms of withdrawal – mandatory and permissive. Courts in this jurisdiction have held that a withdrawal of reference is mandatory if the "resolution of the proceeding requires a substantial and material consideration of both Title 11 and non-code Federal law." In Re Anthony Tammaro, Inc., 56 B.R. 999 (D.N.J.1986) (emphasis in original). Conversely, 28 U.S.C. § 157(d) provides that permissive withdrawal is appropriate "for cause shown." What constitutes "cause" to withdraw is not evident from the statute, see NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.), 203 B.R. 905, 907 (D.Del.1996) (citing In re Pruitt, 910 F.2d 1160, 1168 (3rd Cir.1990)), but courts in the Third Circuit and elsewhere have articulated a number of factors for the District Court to consider including whether the proceeding is core or non-core, judicial efficiency, uniformity and economy, and discouraging forum shopping. See In re Pruitt, 910 F.2d at 1168; Prof'l Ins. Mgmt. v. Ohio Cas. Group of Ins. Cos. (In re Prof'l Ins. Mgmt.), 2000 WL 679247, at *5 (D.N.J. May 25, 2000); Times Mirror Magazines v. Las Vegas Sports News, L.L.C., 1999 WL 179749, at *2 (E.D.Pa.1999).

Importantly, courts in this district have held that a threshold factor in determining whether the district court should withdraw a reference is "whether the proceeding is 'core' or 'non core' to the pending bankruptcy case." East West Trade Partners, Inc. v. Soble WP, LLC, Civil No.

3

1:06-cv-01812, 2007 WL 1213393, at *3 (D.N.J. Apr. 23, 2007).  Only after such a determination is made will a court consider the remaining factors when deciding whether to withdraw a reference for cause; these factors, grounded in the interests of judicial economy, address whether withdrawal would: (1) promote uniformity in bankruptcy administration; (2) reduce forum shopping and confusion; (3) foster the economical use of the debtors' and creditors' resources; and (4) expedite the bankruptcy process.  In re Pruitt, 910 F.2d at 1165.

Initially, the Court notes that the parties do not dispute that the withdrawal of the reference in this matter is only permissive in nature.  Def's Br. at 3. Accordingly, the Court will consider the various factors set forth above in determining whether to withdraw the reference of this Adversary Proceeding to the Bankruptcy Court.

In its brief, PIC argues that this Court should withdraw the reference of this Adversary Proceeding because: (1) it is a non-core proceeding that seeks to determine rights under New Jersey law; (2) a jury trial has been demanded; and (3) withdrawal of the reference will promote judicial economy and efficiency and will expedite the bankruptcy process.  The Court agrees.

To begin, the Court notes that the parties appear to agree that the Coverage Action is a non-core proceeding.  Indeed, both PIC and Shalom contend that the Coverage Action seeks to determine state law rights to insurance coverage under pre-petition insurance policies.  Def's Br. at 4; Pl's Br., Ex. A, at 3. Moreover, both parties acknowledge that the Coverage Action does not arise under Title 11.  Id.   In addition, the Court notes that courts in this District and elsewhere have held that actions to determine rights to insurance coverage are not core proceedings.  See In re G-I Holdings, 278 B.R. 725, 736-37 (Bankr. D.N.J. 2002); In re United States Brass, 110 F.3d 1261, 1268 (7th Cir. 1997).  For these reasons, the Court finds that the Adversary Proceeding is a

non-core proceeding.[4]

In addition, the Court finds that the additional factors support a withdrawal of the reference to the Bankruptcy Court.  First, the Court notes that while a party's jury demand is not sufficient grounds on its own to withdraw a reference to the Bankruptcy Court, see In re Dwek, 2010 WL 2545174, at * 3 (D.N.J. June 18, 2010), "when there has been a jury demand in a non-core proceeding, courts generally find that judicial economy would be served by withdrawal of the reference because the district court must (absent the consent of all parties) hold the trial." In re NDEP Corp., 203 B.R. 905, 913 (D. Del. 1996).  In the instant matter, Shalom has demanded a jury trial in the Coverage Action.  Absent PIC's consent, however, the Bankruptcy Court may not hold a jury trial in a non-core proceeding.  28 U.S.C. § 157(e).  Here,  PIC contends that it will not consent to a jury trial in the bankruptcy court.  Def's Br. at 6.  Thus, the Court finds that judicial economy would be served by withdrawal of the reference to the Bankruptcy Court since if this matter remains in the District Court, this Court would preside over the jury trial.

Finally, the remaining considerations of judicial economy and efficiency indicate that withdrawal is appropriate.  Here, Defendant contends that because "the bankruptcy case has already entered the confirmation stage . . . withdrawal of the reference will enable the Bankruptcy Court to focus on the confirmation proceedings rather than the state law insurance coverage

---

[4]Although several courts in this District have held that the Bankruptcy Court should, in the first instance, make the initial determination of whether a proceeding is core or non-core, see, e.g., In re East West Trade Partners, 2007 WL 1213393, at *3, other courts have refused to require the Bankruptcy Court to make that preliminary determination, recognizing, instead, that "such a two-step approach would unnecessarily prolong the decision on the merits." Harley Hotels, Inc. v. Rain's Intern., Ltd., 57 B.R. 773, 776 (M.D. Pa.1985).

issues [to be] litigated in the Coverage Action." Def's Br. at 9. The Court agrees. The withdrawal of the reference of the Adversary Proceeding will speed the bankruptcy to resolution and conserve the resources of the parties and of both courts. Because this proceeding entails exclusively state law claims, it is in the Court's best interest to withdraw the non-bankruptcy Coverage Action, while the Bankruptcy Court continues to administer the Chapter 11 case and conduct other bankruptcy proceedings.

B. Cross-Motion to Abstain

Having withdrawn the reference to the Bankruptcy Court, the Court will now consider Plaintiff's Cross-Motion to Abstain.[5] In its motion, Plaintiff argues that this Court should abstain under 28 U.S.C. § 1334(c)(1) – mandatory abstention– or 1334(c)(2) – permissive abstention.

1. Mandatory Abstention

Shalom argues that mandatory abstention is warranted and this Court should refrain from ruling on the Coverage Action because "this is a state law cause of action, based entirely upon New Jersey State Statutes and common law." Pl's Br. at 2. Moreover, Shalom contends that "there is [a] question as to whether the District Court would have jurisdiction over this case without the jurisdiction granted by corresponding Bankruptcy Law." Id. Specifically, in the

---

[5] Although initially filed in Bankruptcy Court, Plaintiff attached its Motion to Abstain as an exhibit to its Opposition to Defendant's Motion to Withdraw the Reference. In light of this Court's decision to withdraw the reference, the Court will consider Plaintiff's Motion to Abstain as if it had been filed in this Court; indeed, the Court notes that Defendant filed a brief in this Court opposing Plaintiff's Cross-Motion to Abstain.

6

underlying motion, Plaintiff argues that because no federal claims have been asserted, "subject matter jurisdiction is lacking" in this Court. Id.  The Court does not agree.

Federal courts are courts of limited jurisdiction,\ with original jurisdiction over cases involving diversity jurisdiction and cases involving federal questions.  28 U.S.C. §§ 1331, 1332.  Here, the parties are completely diverse – Shalom is a New Jersey non-profit corporation and PIC is organized and incorporated in the Commonwealth of Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania.  Moreover, the total amount of the property damage claim that was tendered to PIC, and that Shalom alleges is due and owing in the Coverage Action exceeds $75,000.  Thus, the Court finds that mandatory abstention is inappropriate in that independent federal jurisdiction exists in this Court.  See, e.g., 28 U.S.C. § 1334(c)(2) ("Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.")(emphasis added); see also, e.g., Collin Ross Briese v. Conoco-Phillips Co, et al., 2:08-1884, 2009 WL256951, at *6 (W.D. La. Feb. 3, 2009)("Mandatory abstention is not called for in this matter as [Plaintiff] could have filed this action in federal court on the basis of diversity as an independent basis of federal jurisdiction. . . Because the action could have been commenced in federal court on the basis of 28 U.S.C. § 1332 diversity jurisdiction, mandatory abstention is inapplicable to this matter.").

2. Permissive Abstention

However, the Court must also consider whether permissive abstention is appropriate under 28 U.S.C. § 1334(c)(1).  Indeed, when 28 U.S.C. § 1334(c)(2) does not mandate abstention, 28 U.S.C. § 1334(c)(1) nevertheless permits a federal court to abstain from hearing state law claims "[i]n the interest of justice, or in the interest of comity with State courts or respect for State law" if that proceeding arises under title 11 or arises in or is related to a case under title 11.  28 U.S.C. § 1334(c)(1).  In that regard, the Third Circuit has never adopted any factors analyzing permissive abstention because "appeals of district court decisions involving permissive abstention, whether or not the court abstains, are barred." Geruschat v. Ernst Young LLP, 505 F.3d 237, 249 (3d Cir. 2007); see also 28 U.S.C. § 1334(d).  As such, district courts in this circuit have not approached this type of analysis uniformly.  In determining whether to abstain under subsection (c)(1), some courts have considered a set of twelve factors,  see Geruschat v. Ernst & Young, LLP., 331 B.R. 208, 220 (Bankr. W.D. Pa 2005); Bricker v. Martin, 348 B.R. 28, 34 (W.D. Pa. 2006); In re Legates, 381 B.R. 111 (Bankr.D. Del. 2008), while others have considered a set of seven factors, see  Jazz Photo Corp. v. Dreier LLP, No. 05-5198, 2005 WL 3542468, at *7(D.N.J.2005);  see also In re Donington, Karcher, Salmond, Ronan & Rainone, 194 B.R. 750, 756-59 (Bankr. D.N.J. 1996).  In this case, both parties have argued the issue of permissive abstention using only the seven factor test which includes:  (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.  Jazz Photo, 2005

WL 3542468, at *7.[6]  Importantly, the Court observes that the two sets of factors are substantially similar, and courts have stated that not all the factors necessarily need to be considered.  See Geruschat, 331 B.R. at 220.  In that connection, "'[c]ourts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.'" Id. at 220-221 (quoting In re Chicago, M. & St. P. & Pac. R.R., 6 F.3d 1184, 1189 (7th Cir. 1993).  Accordingly, the Court will apply the appropriate and necessary factors that are relevant and central to the issue of abstention in this case.

i. Efficient Administration of the Bankruptcy Estate:

PIC argues that if the Coverage Action is remanded to Superior Court, "it could be years before the litigation is concluded" and that "the efficient administration of the bankruptcy case hinges upon the close coordination of the bankruptcy case with the Coverage Action." Def's Reply Br. at 9.[7]  The Court does not agree.

---

[6] The twelve factors include: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties. Geruschat, 331 B.R. at 220.

Initially, the Court notes that to the extent that Defendant argues that the District Court and the Bankruptcy Court somehow "coordinate" actions, the Court is unsure to what Defendant refers. The District Court and the Bankruptcy Court manage entirely different dockets and maintain separate jurisdiction over matters that are properly before each court. Moreover, the Court finds no reason to believe that adjudication of the Coverage Action in State Court would be less quick or less efficient than in this Court. To the contrary, Shalom filed the Coverage Action in Superior Court in October 2010 and PIC timely removed it to this Court. Only five months have passed since the filing of the action; thus, any delay in adjudication of the dispute would be minimal. Thus, this factor favors abstention.

ii. State Law Issues

This is a conventional dispute involving indemnification under an insurance policy. No specific Bankruptcy Code provision is implicated. As such, state law contract issues predominate. This factor favors abstention. See Alderwoods, 344 B.R. at 730; TWA v. Icahn, 278 B.R. 42, 52 (Bankr. D. Del. 2002) ("the Icahn Claims and the instant proceeding clearly turn on a determination of state law. Thus, the state law issues predominate over any bankruptcy issues involved").

iii. Comity

As demonstrated above, the instant action was initially filed in State Court and only involves issues of state law. "Congress has made it plain that, in respect to non-core proceedings such as

10

this (i.e., cases which assert purely state law causes of action), the federal court should not rush to usurp the traditional precincts of the state court." Port Authority of New York and New Jersey v. CCI-Bowers Co., Civ. No. 91-5681, 1992 WL 164441, at *5 (D.N.J. June 15, 1992)(citations omitted). Accordingly, this factor weighs in favor of abstention.

iv. The Degree of Relatedness to the Chapter Case

Here, PIC argues that the adjudication of the coverage action will impact Shalom's ability to reorganize; thus, the Court should not abstain. While the Court agrees that the adjudication of the Coverage Action may impact Shalom's ability to fund its Plan of reorganization, the Court does not find that this weighs against abstention. Indeed, although the Coverage Action may implicate creditors' ability to recover in Shalom's bankruptcy proceeding, the impact would be the same regardless of the forum in which the Coverage Action is heard. Moreover, the Court finds that the Coverage Action is not "inextricably intertwined with administration of the estate." In re LaRoche Industries, 312 B.R. 249, 254 (Bankr. D. Del. 2004). Accordingly, this factor favors abstention.

v. The Existence of a Right to a Jury Trial

As discussed above, Plaintiff has asserted its right to a jury trial in New Jersey State Court. Although Defendant has refused to consent to a jury trial in Bankruptcy Court, the parties will be able to secure a jury trial in State Court. Thus, this factor is neutral and does not weigh in favor of or against abstention by this Court.

vi. <u>Prejudice</u>

Finally, Shalom argues that it will be prejudiced by having to appear in Federal Court because its attorney is an expert in and familiar with State Court practice. Defendant argues that the Debtor will not be prejudiced by having to appear in Federal Court and cites to numerous appearances that Plaintiff's counsel has made in Federal Court. The Court agrees that Shalom would not be prejudiced by having to appear in Federal Court . Moreover, this Court finds that neither party would be prejudiced by having to appear in State Court. Thus, this factor is neutral.

In sum, as numerous courts have recognized, although the "analysis of permissive abstention is not merely a mathematical exercise of discerning how many factors favor the moving party," in the instant matter, the Court finds that the significant factors favor abstention. <u>Trans World Airlines, Inc. v. Karabu Corp.</u>, 196 B.R. 711, 715 (Bankr.D.Del.1996). Indeed, as discussed above, the Coverage Action involves only state law issues and will have no effect on the administration of the Debtor's estate. Thus, this Court will exercise its discretion to abstain from hearing the Coverage Action and will grant Shalom's Cross-Motion to Abstain.

III. CONCLUSION

For the foregoing reasons, PIC's Motion to Withdraw the Reference of adversary proceeding 10-02415 is GRANTED and Shalom's Cross-Motion to Abstain is GRANTED. The reference of Adversary Proceeding No. 10-02415 is withdrawn and the Coverage Action is remanded to the Superior Court of New Jersey, Ocean County– Law Division.

Dated: March 31, 2011                                             /s/ Freda L. Wolfson

                                                                  Freda L. Wolfson, U.S.D.J.